UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES HARKEN,

       Plaintiff,                         Hon. Paul L. Maloney

v.                                        Case No. 1:16-cv-01018-PLM-PJG

CITY OF LANSING,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

       The Court conducted a hearing today on plaintiff's motions to extend discovery deadlines. (Minutes, ECF No. 44). During this hearing, plaintiff acknowledged to the Court on the record the following:

1. That he has no constitutional right to privacy with respect to children playing in the public street in front of his home;

2. That, without such a constitutional right to privacy, he has no cause of action against the City of Lansing; and

3. That the relevant City of Lansing ordinance does not prohibit outright children from playing in the street.[1]

---

[1] The city ordinance simply prohibits children's play from interfering with the flow of traffic. The ordinance provides: "No minor shall engage in playing any game or congregate on any street or alley so as to interfere with the regular flow of vehicular traffic." Ordinance No. 739 (12/22/86), Code of Ordinances § 650.04, found at https://www.municode.com/library/mi/lansing/codes/code_of_ordinances?nodeid=COOR_PT6GEOFCO_CH650MI_650.04PLST (last viewed February 17, 2017).

Plaintiff's statements effectively constitute a concession that his complaint fails to state a claim upon which relief can be granted.  Accordingly, I recommend that his case be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  Continued prosecution of this case under these circumstances may subject plaintiff to sanctions.  See FED. R. CIV. P. 11(b)(2), 11(c).

Respectfully submitted,

Date:  February 17, 2017           /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  See Thomas v. Arn, 474 U.S. 140 (1985); Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 458 (6th Cir. 2012); United States v. Branch, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  See McClanahan v. Comm'r of Social Security, 474 F.3d 830, 837 (6th Cir. 2006); Frontier Ins. Co. v. Blaty, 454 F.3d 590, 596-97 (6th Cir. 2006).